Mr. Justice James
delivered the opinion of the Court:
This was a suit for an injunction requiring the defendant Spaulding to close certain windows in what is alleged to’ be a party wall, overlooking the premises of the complainant and interfering directly with her enjoyment and with the privacy of certain rooms in, her house. It appears that the complainant and the defendant are owners of two adjoining properties, originally belonging to Alexander R. Shepherd in his subdivision of square 164. The houses were sold at different periods by Shepherd as lots 12 and 13. The de *49 fendant claims "some peculiar right, on the ground that Shepherd’s conveyance of his title was prior to that of 'the complainant and that in that way it became necessary, in order to save any rights to the party wall so-called to the complainant, that there should have been a reservation out of the deed to Spaulding. His claim is that he bought the whole division wall as an appurtenance.
■Where a wall is built in a row of houses the whole of it is not an appurtenance to one of them. The purchaser of each house acquires half of the division wall as a party wall. One of the houses runs back further than the other, but stands partly on each lot. The defendant was limited, therefore, to his right in a party wall.
We have already considered this question in the case of Patrick Corcoran vs. Washington Nailor, in 6 Mackey, 580, and the court has no reason to doubt at all the law as there laid down. We there said: “The servitude imposed in invitzim is to be construed with the utmost strictness. It renders the occupation of another’s land lawful only when the wall with which it is occupied satisfies the reason and purpose for which the easement was imposed. The servient owner is compelled to submit to the burden only on the ground that the thing imposed is, in contemplation of law, a benefit equally to him and to the dominant owner; in other words, that it at once stands ready for his enjoyment for all the purposes which a party wall is intended to serve. These purposes include several uses. It is intended, in the first place, to serve for the support, at any point, of the beams which the servient owner may reasonably have occasion to insert in a supporting walk This forbids the construction of openings where beams cannot be inserted, and support cannot be afforded. In the next place, it is intended to serve the purpose of a complete division between adjoining houses. This forbids the construction of spaces in it which do not divide. It is no answer to say that the dominant owner stands ready to fill up the opening whenever the servient owner desires to use the wall as a' party *50 wall. That very statement admits that it had not been meantime a party wall, and the Servitude only renders lawful occupation by an actual party wall. The occupation meantime by what is not a party wall is -not the enjoyment of an easement, but is simply a trespass.
“ If a wall with windows or openings is not a party wall within the intention of the rule, it imposes the servitude of such a wall and is therefore a trespass. We have to consider next that a trespass is accompanied in this case with constant circumstances, which caused discomfort and inconvenience to the injured party in the enjoyment of the rest of his land. Windows overlooking his domestic ground diminish the proper enjoyment of the premises and impair their value.”
The court then went on to say: “That not only must an opening be closed, but that it must be done in a particular manner, that is to say, the brick-work used in closing the opening should not be a mere patch, but should connect with the adjoining wall in the usual manner of a continuous wall.” That is to say, it is -qot to be patch-work, or a square patch of bricks filled in, because that does not give the support to the wall that it should have as a party wall.
We affirm the injunction granted below with this modification, that these window frames are to be removed, and the space is to be built up just as the rest of the wall was built. Not a square patch of work put in, but the bricks are to interlock and the wall is to be made as solid as a party wall should have been made.

With that addition the decree of the Equity Court is affirmed.